# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACQUES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. LOPEZ, JR., et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01289-DAD-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT OR NOTIFY THE COURT OF WILLINGNESS TO PROCEED ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Michael Jacques is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on August 31, 2016.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently incarcerated at California State Prison, Sacramento. The incidents alleged in the complaint occurred while Plaintiff was housed in the receiving and release section at North Kern State Prison ("NKSP") in Delano, California. Plaintiff names the following individuals as Defendants in their individual capacity: correctional officer J. Lopez, Jr., sergeant J. Vasquez, correctional officer J. Garza, correctional investigative service agent K. Joseph, correctional officer R. Razo, correctional officer S. Monge, correctional officer J. Gonzalez, nurse Dennis Barrios, and nurse G. Aro.

On August 24, 2015, Plaintiff was transferred from Los Angeles County Jail to NKSP. When Plaintiff arrived at NKSP and was in the receiving and release area immediately after the strip search, Plaintiff was placed in mechanical restraints due to policy and procedure. Defendant Barrios interviewed Plaintiff about his medical health and medications and documented Plaintiff's contact corrective lenses, contact casing, contact solution, and medicated

2

lotion. Defendant Barrios then asked Plaintiff where the medicated lotion was so he could document it. Defendant Gonzalez overheard this and stated, "Oh I think Correctional Officer J. Lopez Jr. threw away the lotion, but I'll ask him." Defendant Gonzalez asked Defendant J. Lopez, Jr. ("Defendant Lopez") about the lotion. Defendant Lopez replied, "This aint no fucking medicated lotion. This is fucking regular lotion." Plaintiff then stated, "This aint no fucking regular lotion. This is fucking medicated lotion." Defendant Lopez responded, "Who the fuck do you think you are?" Plaintiff then stated, "Who the fuck do you think you are?"

Plaintiff was nearly completed with his medical evaluation when Defendant Barrios asked Plaintiff to retrieve the medicated lotion so that he could see it and document it for the doctor for a later scheduled evaluation. As Plaintiff walked out of the medical portion in mechanical restraints, Defendant Lopez struck Plaintiff twice in the right side of his facial area and once on the left side of his facial area and then slammed Plaintiff on the ground. While Plaintiff was on the ground, Defendant Lopez choked Plaintiff which cut off Plaintiff's air supply and placed himself on the upper back of Plaintiff after Plaintiff told him several times that he could not breathe.

While Plaintiff was recovering on the floor from being dazed, he was stepped on, stomped on, kneed, and punched by Defendants who were later identified by incident reports. Defendant Vasquez was the supervisor and a bystander present during the attack and did nothing to stop it. He had a "realistic opportunity" to prevent it, but he failed to do so. Defendant Vasquez's actions and inactions as a supervisor and sergeant supervisor caused and contributed to the attack. Defendant Vasquez ordered Defendant Razo to retrieve leg restraints and place them on Plaintiff. Defendant Razo placed the leg restraints on Plaintiff so tight that it restricted the blood flow and cut into the skin causing physical discomfort and his legs to go numb.

Defendant Vasquez ordered the correctional officers to transition the handcuffs from the front of Plaintiff to the back. Defendant Athie took hold of Plaintiff's left hand and Defendant Garza took hold of Plaintiff's right hand and they transitioned the handcuffs so that they were behind Plaintiff. The handcuffs on both wrists were so tight that they restricted blood flow and cut into the skin causing physical discomfort and his hands to go numb.

Defendant Joseph interviewed Plaintiff, but she refused to loosen or remove the overly tight handcuffs that were cutting into his skin. She also refused to photograph all of Plaintiff's injuries. While Plaintiff was in a holding cage without bathroom necessities such as a sitting stool, sink, or toilet, Defendant Barrios, who was the only nurse on duty, noted some but not all of Plaintiff's injuries, particularly his head. Defendant Barrios noted cuts to the right side of the mouth, indention marks to the right wrist, a reddened area with indention marks, a cut to the left wrist, indention marks and reddened area to the left wrist, indention marks and reddened area to the right ankle, and another reddened area with indention marks. Plaintiff contends that Defendant Barrios conspired to falsify reports and/or alter statements and official records to cover up the incident and so the events would be brought to light. Plaintiff stayed in the holding cage with no siting stool or bathroom necessities for 8 hours until he was transferred. Plaintiff had refused to be transferred until all of his injuries were documented.

Defendant Aro, a nurse, then documented Plaintiff's injuries. Defendant Aro's report reflected that Plaintiff had swollen areas to the right side of the head, ear lobe, right inner leg, and left elbow, bruising to the mouth, a cut and reddened area to the right arm, and bruising or discolored area which was swollen to the left side of the mouth. Defendant Aro did not give or offer Plaintiff any medical treatment, even after Plaintiff requested it due to the pain.

Plaintiff alleges that Defendants Lopez, Gonzalez, Athie, Garza, Monge, Razo, and Vasquez conspired to file a false and intentionally misleading incident report against Plaintiff as an attempt to cover up and/or justify their excessive use of force.

Plaintiff alleges that he received injuries to the right side of his head, right ear lobe, right and left sides of his mouth, the inside of his right arm, the inside of his right leg, left elbow, right wrist and left wrists, right ankle, and his leg just above his right and left ankles. Specifically, the right side of his head, right ear lobe, right inner leg, and left elbow were swollen, his mouth was bruised and swollen, and he had a cut and redness on his right arm. He also suffered from dizziness and headaches. Plaintiff also alleges that the violation of his rights caused emotional and psychological distress and pain, severe depression, humiliation, fear, and physical injuries.

Plaintiff brings claims for excessive force, failure to intervene, conspiracy to file

4

fraudulent and misleading incident and medical reports, deliberate indifference to a serious medical need, and conditions of confinement. Plaintiff is seeking monetary damages and injunctive relief.

## III.

## DISCUSSION

### A. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.[1] Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-38 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321. Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. Hudson, 503 U.S. at 7; Wilkins, 559 U.S. at 37-38. The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force. Hudson, 503 U.S. at 9-10.

---

[1] The Court notes that Plaintiff's excessive force and failure to intervene claims are properly brought under the Eighth Amendment and not the Fourteenth Amendment. See Whitley v. Albers, 475 U.S. 312, 327 (1986) (holding that the Eighth Amendment serves as the primary source of substantive protection to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified).

5

Viewing Plaintiff's allegations liberally as this Court must, Plaintiff's allegations state a cognizable claim against Defendants Lopez, Razo, Athie, and Garza for excessive force, and a cognizable claim against Defendant Vasquez for failing to intervene during the alleged use of excessive force. However, he does not state a cognizable excessive force claim against any other Defendants.

Although Plaintiff alleges that Defendant Joseph refused to loosen or remove the overly tight handcuffs that were cutting into Plaintiff's skin, Plaintiff does not allege what statements he made to Defendant Joseph about the handcuffs and what Defendant Joseph's responses were. Therefore, Plaintiff has not shown that Defendant Joseph was deliberately indifferent.

Plaintiff alleges that while he was on the floor recovering from being dazed he was stepped on, stomped on, kneed, and punched and the Defendants were later identified by incident reports. Plaintiff must specifically identify which Defendants did which actions or inactions that give rise to the alleged constitutional violation. Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

If Plaintiff cannot identify the Defendants by name, he must number the Doe Defendants in the complaint, e.g., "John/Jane Doe 1," John/Jane Doe 2," and allege specific acts attributed to each of the Doe Defendants, e.g., "John Doe 1 did X" and "John Doe 2 and 3 did Y," so that each numbered John Doe refers to a different specific person and their role in the alleged violations is clear. In addition, the Court cannot order service of a Doe Defendant because the United States Marshal cannot serve a Doe Defendant. Therefore, before the Court orders the United States Marshal to serve a Doe Defendant, Plaintiff will be required to identify him or her with enough information to locate the Defendant for service of process.

**B.     Conspiracy to File False Incident and Medical Reports**

Plaintiff contends that Defendants' conspiracy to obstruct justice and the falsification of incident reports and medical records to cover up the misconduct violated his rights under the Fourteenth Amendment.

A conspiracy claim brought under section 1983 requires proof of "an agreement or

meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of a constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541). However, mere proof of a conspiracy is not sufficient to violate section 1983, the conspiracy must have caused the constitutional violation. Lacey v. Maricopa Cty., 693 F.3d 896, 935 (9th Cir. 2012).

Plaintiff contends that Defendants Gonzalez, Athie, Garza, Monge, Razo, and Vasquez conspired to file a false and intentionally misleading incident report against Plaintiff in an attempt to cover up and/or justify their excessive use of force. Plaintiff alleges that Defendant Barrios did not document all of Plaintiffs' injuries and that he conspired to falsify reports and/or alter statements and official records to cover up Defendants' misconduct and so that the events would not be brought to light. Plaintiff also alleges that Defendant Joseph refused to photograph all of Plaintiff's injuries.

Plaintiff does not have a constitutional right to an accurate prison record. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Plaintiff cannot state a constitutional claim based solely on the allegation that his medical records were falsified. Vera v. Gipson, No. 1:13-CV-00870-AWI, 2014 WL 2875585, at *5 (E.D. Cal. June 24, 2014); see also Crisp v. Wasco State Prison, No. 1:13-CV-01899-SKO PC, 2015 WL 3486950, at *5 (E.D. Cal. June 2, 2015) (while falsification of medical records can supply facts relevant to an Eighth Amendment claim, an inmate has no independent claim for relief under the Eighth Amendment based on inaccurate medical records).

In addition, a "complaint alleging that an officer filed a false report, by itself, fails to state a claim upon which relief can be granted." Koch v. Austin, No. 1:03-CV-5021-AWI-DLB, 2006 WL 403818, at *5 (E.D. Cal. Feb. 16, 2006), adopted by 2006 WL 842585 (Mar. 28, 2006).

7

Furthermore, preparing a false report about an incident after it occurred cannot subject that individual to liability for the force used during the incident. See Villegas v. Schulteis, No. 1:09-cv-00493-YNP, 2009 WL 3157519, at *6 (E.D. Cal. Sept. 29, 2009).

Therefore, Plaintiff's allegations that Defendants Barrios, Lopez, Gonzalez, Athie, Garza, Monge, Razo, Vasquez, and Joseph conspired to falsify incident reports and medical records fail to state a cognizable claim.

### C. Deliberate Indifference to a Serious Medial Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson,

90 F.3d at 332) (internal quotation marks omitted).

Plaintiff alleges that Defendant Aro did not give or offer Plaintiff any medical treatment, even after he requested it due to the pain. Plaintiff does not allege what he stated to Defendant Aro when he requested medical care and what response Defendant Aro had. Plaintiff must allege facts indicating that Defendant Aro knew of a serious medical need of Plaintiff's, and was deliberately indifferent to it. That Plaintiff, in his view, did not get the treatment he thought was acceptable does not subject Defendant Aro to liability under the Eighth Amendment. Therefore, Plaintiff does not state a cognizable claim for deliberate indifference to a serious medical need against Defendant Aro.

### D. Conditions of Confinement

Plaintiff alleges that he was in a holding cage for 8 hours without a sitting stool, toilet, and sink. However, Plaintiff states that he refused to be transferred from the holding cage until all of his injuries were documented. To the extent that Plaintiff is attempting to bring a claim based on being in a holding cage for 8 hours without a sitting stool, toilet, and sink, he does not state a claim in his complaint.

"[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985). Here, Plaintiff fails to allege any facts indicating anything more than a temporary deprivation of a sitting stool, toilet, and sink. Plaintiff does not allege any facts indicating that any of the named Defendants acted with deliberate indifference to Plaintiff's health or safety. Plaintiff also does not allege that he suffered any substantial harm from being in a holding cage without a sitting stool, toilet, and sink on this one occasion. Therefore, Plaintiff fails to state a claim based on being in a holding cell for 8 hours without a sitting stool, toilet, and sink.

### E. Injunctive Relief

Plaintiff requests injunctive relief in the form of creating a new investigation unit for allegations of unnecessary and excessive use of force used by peace officers.

1  Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." "'A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.'" Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004). Indeed, a court's duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, a task for which courts are ill-equipped. Toussaint v. McCarthy, 801 F.2d 1080, 1086 (9th Cir. 1986), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's request for injunctive relief in the form of the creation of a new investigation unit for allegations of unnecessary and excessive force used by peace officers cannot be granted because there is no ability to grant the requested relief.

Further, because Plaintiff is no longer incarcerated at NKSP, he lacks standing to pursue his claims for injunctive relief against Defendants at NKSP. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969-73 (9th Cir. 2010); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001). As Plaintiff has been moved from NKSP to California State Prison, Sacramento, his request for injunctive relief is moot against the NKSP officials.

**F.  Declaratory Judgment**

Plaintiff seeks a declaratory judgment that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's

constitutional rights were violated. Accordingly, a declaration that any Defendant violated Plaintiff's rights is unnecessary.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendants Lopez, Razo, Athie, and Garza for excessive force, and a cognizable claim against Defendant Vasquez for failing to intervene during the alleged use of excessive force. Plaintiff does not state any other cognizable claims for relief. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim against Defendants Lopez, Razo, Athie, and Garza for excessive force, and the claim against Defendant Vasquez for failing to intervene during the alleged use of excessive force, Plaintiff may so notify the Court in writing, and the Court will dismiss the other claims, and will forward Plaintiff five (5) summonses and five (5) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Lopez, Razo, Athie, and Garza for excessive force, and against Defendant Vasquez for failing to intervene during the alleged use of excessive force; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **April 18, 2017**

UNITED STATES MAGISTRATE JUDGE