UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACQUES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. LOPEZ, JR., et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-01289-DAD-SAB (PC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING CERTAIN CLAIMS AND DEFENDANTS, FOR THE FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF</u><br><br>(Doc. No. 9) |

Plaintiff Michael Jacques is a state prisoner who is currently proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed his complaint on August 31, 2016, asserting Eighth Amendment violations based on his allegations of: (i) excessive use of force; (ii) failure to intervene in the use of excessive force; (iii) conspiracy to file false incident and medical reports; (iv) deliberate indifference to serious medical need; and (v) unconstitutional conditions of confinement. (Doc. No. 1.) In his complaint, plaintiff alleges the following.

On August 24, 2015, plaintiff was transferred from Los Angeles County Jail to North Kern State Prison ("NKSP") in Delano, California. (*Id.* at 14, ¶ 19.) After arriving to NKSP,

plaintiff was medically evaluated. (*Id.* at 14–15, ¶¶ 19–22.) When the evaluation was nearly complete, defendants Lopez, Razo, Athie, and Garza began to strike plaintiff on both sides of his face. (*Id.* at 15, ¶¶ 21–22.) Defendants then slammed him onto the ground and continued to kick, knee, and choke him. (*Id.* at 15–16, ¶¶ 22–24.) Defendant Vasquez did not attempt to stop the altercation despite having the opportunity to prevent it. (*Id.* at 16, ¶ 24.) While plaintiff was in a "holding cage," defendant Aro, a nurse, documented plaintiff's injuries. (*Id.* at 17–18, ¶ 27.) Defendant Aro's report indicated that plaintiff had swollen areas to the right side of the head, ear lobe, right inner leg, and left elbow, bruising to the mouth, a cut and reddened area to the right arm, and bruising or discolored area which was swollen to the left side of the mouth. (*Id.*) Plaintiff requested medical treatment and indicated to the nurse that he was in pain, but defendant Aro did not provide him treatment. (*Id.*)

On April 18, 2017, the assigned magistrate judge issued findings and recommendations recommending that this action proceed on plaintiff's claims against defendants Lopez, Razo, Athie, and Garza for excessive use of force, and against defendant Vasquez for failing to intervene during the alleged use of excessive force, and that all other claims and defendants be dismissed. (Doc. No. 7.) On May 3, 2017, plaintiff notified the court that he was willing to proceed only on the claims found to be cognizable in the court's screening order. (Doc. No. 8.) On May 4, 2017, the assigned magistrate judge issued findings and recommendations recommending that the remaining claims and defendants be dismissed from this action for the failure to state a claim. (Doc. No. 9.) Plaintiff was permitted fourteen days to file objections. More than fourteen days have passed, and no objections were filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds that with respect to plaintiff's claims of excessive force, failure to intervene in the use of excessive force, conspiracy to file false incident and medical reports, and unconstitutional conditions of confinement, the May 4, 2017 findings and recommendations are supported by the record and proper analysis. Accordingly, the court will adopt that part of the findings and recommendations. However, as discussed below, the court declines to adopt the findings and recommendations with

2

respect to plaintiff's deliberate indifference claim against defendant Aro.

**DELIBERATE INDIFFERENCE**

In the findings and recommendations, the assigned magistrate judge concluded that plaintiff failed to state a cognizable claim of deliberate indifference under the Eighth Amendment against defendant Aro.

To maintain an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must allege facts showing "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.' Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.

*Jett*, 439 F.3d at 1096.

Here, plaintiff alleges in his complaint that defendant Aro attended to him after his altercation with defendants Lopez, Razo, Athie, and Garza. (*Id.* at 17–18, ¶ 27.) Plaintiff also alleges that defendant Aro observed him to have a number of injuries—swollen areas on his mouth, head, ear lobes, legs, and arms—and documented these injuries in a report. (*Id.*) Finally, plaintiff alleges that he requested medical treatment from defendant Aro and indicated to defendant that he was in pain, but received no medical treatment. (*Id.*) In the screening order which was incorporated into the findings and recommendations, the magistrate judge essentially found these allegations to be insufficiently detailed to state a cognizable claim of deliberate indifference to a serious medical need. (Doc. No. 7 at 9) ("Plaintiff does not allege what he stated to Defendant Aro when he requested medical care and what response Defendant Aro had.") The undersigned disagrees.

3

The facts as alleged by plaintiff in his complaint, if taken as true, support a plausible inference that defendant Aro was aware of a serious medical need on the part of plaintiff and consciously disregarded it. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (finding that plaintiff adequately stated a claim for deliberate indifference under the Eighth Amendment by alleging that that prison officials were aware of dental injuries such as bleeding gums and broken teeth, but failed to take any action to relieve his pain or address his dental injuries); *Austin v. County of Alameda*, No. C-15-0942 EMC, 2015 WL 3833239, at * (N.D. Cal. June 19, 2015) (finding that plaintiff adequately alleged deliberate indifference by asserting that defendants failed to provide medical treatment following a beating by prison officials despite apparent injuries); *Baker v. County of Sonoma*, No. C-08-03433 EDL, 2009 WL 330937, at *1, 7 (N.D. Cal. Feb. 10, 2009) (finding that plaintiff adequately alleged deliberate indifference claim by asserting that prison officials denied him pain medication following a beating by correctional officers); *see generally Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1082–83 (9th Cir. 2013) (explaining that a "failure to act given the patent nature of the inmate's condition . . . is conduct sufficiently severe to evidence an Eighth Amendment violation") (citing *Tlamka v. Serrell*, 244 F.3d 628, 633 (8th Cir. 2001)). The allegations of the complaint as to this claim have been set forth above. No more detailed allegations with respect to the words spoken by plaintiff or defendant Aro in connection with the denial of medical care are required at the pleading stage.

The court will therefore decline to adopt the findings and recommendations to the extent they recommend the dismissal of plaintiff's claim for deliberate indifference under the Eighth Amendment against defendant Aro.[1]

/////

/////

/////

---

[1] As noted above, plaintiff has indicated he was willing to proceed only on the claims found to be cognizable in the court's screening order. (Doc. No. 8.) If plaintiff does not wish to pursue his claim against defendant Aro for deliberate indifference to a serious medical need in violation of the Eighth Amendment, he is instructed to file a notice of voluntary dismissal as to that claim and defendant.

**CONCLUSION**

Accordingly, for the reasons stated above

1. The May 4, 2017 findings and recommendations (Doc. No. 8) are adopted in part;

2. This action will proceed on plaintiff's claims against: defendants J. Lopez, Jr., R. Razo, P. Athie, and J. Garza for excessive use of force; defendant T. Vasquez for failing to intervene during the alleged use of excessive force, in violation of the Eighth Amendment; and defendant G. Aro for deliberate indifference to a serious medical need in violation of the Eighth Amendment;

3. All other claims, and defendants K. Joseph, S. Monge, J. Gonzalez, and D. Barrios, are dismissed from this action for the failure to state a claim upon which relief may be granted; and

4. This matter is referred back to the assigned magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **August 4, 2017**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE