# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACQUES,<br><br>                Plaintiff,<br><br>       v.<br><br>J. LOPEZ, JR., et al.,<br><br>                Defendants. | Case No. 1:16-cv-01289-DAD-SAB (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN ORDER FOR DEPOSITION UPON WRITTEN QUESTIONS<br><br>[ECF Nos. 20, 21, 22] |

**I.**

**INTRODUCTION**

Plaintiff Michael Jacques is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for an order for deposition upon written questions, (ECF No. 22), and his declaration in support, (ECF No. 21). Defendant filed an opposition on July 31, 2018. (ECF No. 24.) The time to file any reply has passed, and none has been filed. The motion is deemed submitted. Local Rule 230(l).

**II.**

**RELEVANT BACKGROUND**

On October 11, 2017, the Court issued a discovery and scheduling order. (ECF No. 20.) Pursuant to that order, all discovery closed on June 11, 2018. (Id.) As noted above, Plaintiff

filed a motion for an order for deposition upon written questions, and a declaration in support, both dated June 28, 2018. (ECF Nos. 21, 22.)

In his motion, Plaintiff states that he seeks information, documents and records from various non-party witnesses, and seeks an order to take depositions upon written questions. Plaintiff also declares that beginning in October 2017, there was roof damage and flooding from rain at his institution that destroyed legal records and discovery documents that he was working on. Plaintiff discovered the extent of the destruction after a cell move in the summer of 2018, and informed defense counsel. As a result, Plaintiff was unable to complete discovery within the applicable deadlines.[1]

In opposition, Defendants state that Plaintiff's deposition was originally noticed for May 31, 2018, at which time he informed counsel that he could not go forward because all his legal paperwork had been lost in a flood. Plaintiff requested copies of all documents filed in the matter, and counsel complied. Plaintiff's deposition was taken the following week.

Later, on June 28, 2018, Plaintiff served a Request for Tangible Things and a Request for Production of Documents. Plaintiff re-served those requests on July 23, 2018, stating that he had been rushed on the first set, and the new set was more precise and clear. In addition, Plaintiff served a Request for Interrogatories on all Defendants. Defendants do not oppose responding to Plaintiff's requests, but require additional time to prepare responses.

///

---

[1] Plaintiff also states in his declaration that Correctional Officer J. Gonzalez was involved in the events at issue and that he, along with Defendant Lopez, "initiated the assault and excessive force against Plaintiff." (Pl.'s Decl., ECF No. 21 at 7.) Plaintiff further contends that Officer Gonzalez should be a defendant in this action.

Although Plaintiff named Correctional Officer J. Gonzalez as a defendant in his complaint, he made no allegations that Officer Gonzalez used any force against him, or that he was involved in the use of force with Defendant Lopez. (Compl., ECF No. 1, at 15.) Due to the insufficient factual allegations showing any violation of his constitutional rights by Officer Gonzalez, the Court found no cognizable claim against him. (ECF Nos. 9, 13.) Officer Gonzalez is not a party to this action. Plaintiff has not sought to amend his complaint to add any allegations against Officer Gonzalez, or shown any good cause as to why such allegations have not been brought in the nearly two years that this case has been pending.

1  Defendants do oppose Plaintiff's current request to take a deposition on written questions
2  and to obtain unspecified information, documents, and records from non-parties. Defendants
3  argue that Plaintiff has not shown good cause for such late discovery.

### III.

### DISCUSSION

Under Federal Rule of Civil Procedure 16(b)(4), a discovery and scheduling order may be modified only for good cause, and with the court's approval. Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990); Amcast Indus. Corp. v. Detrex Corp., 132 F.R.D. 213, 217 (N.D. Ind. 1990); 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

The Court first addresses Plaintiff's Requests for Tangible Things, Requests for Production of Documents, and Interrogatories served on Defendants. As noted above, Defendants do not oppose responding to these discovery requests, although they seek additional time to respond. Accordingly, the Court finds good cause to extend the discovery deadline to allow for responses to these discovery requests. Recently, the Court granted an extension of the dispositive motion deadline to allow for the parties to focus on upcoming settlement negotiations. Therefore, the Court will extend the discovery response due date until after the settlement conference in this matter.

However, the Court does not find good cause to allow an extension of the discovery deadline for Plaintiff to conduct discovery on non-parties. Plaintiff has not shown diligence in conducting such discovery. By all appearances, Plaintiff was not working on conducting discovery in this case from the time the discovery and scheduling order was issued in October 2017, until he discovered that his legal paperwork was damaged or lost due to flooding several months later. Plaintiff then showed some diligence in attempting to work with defense counsel

on obtaining replacement documents and working on propounding discovery requests on Defendants, as discussed above. Nevertheless, Plaintiff made no motion to the Court seeking any extension of the discovery deadline, or showing any good cause for his failure to conduct discovery on non-parties. Plaintiff has also not explained the extent and scope of the additional discovery that he seeks to conduct, from what non-parties, nor any explanation as to why he cannot obtain the information from Defendants. Therefore, that request will be denied.

## IV.
## CONCLUSION

For the reasons explained above, it is HEREBY ORDERED that:

1. Plaintiff's motion for an order for deposition upon written questions and request regarding discovery (ECF Nos. 21, 22) is granted in part and denied in part, as discussed above;

2. The discovery deadline in this case is extended for the sole purpose of allowing Defendants to respond to Plaintiff's previously-served discovery requests. Defendants' responses to Plaintiff's Requests for Tangible Things, Requests for Production of Documents, and Interrogatories served on Defendants are due on or before **November 2, 2018**; and

3. Plaintiff's request to extend the discovery deadline to allow him to conduct discovery on unnamed non-parties is denied.

IT IS SO ORDERED.

Dated: __**August 21, 2018**__

UNITED STATES MAGISTRATE JUDGE