| | |
|---|---|
| MICHAEL JACQUES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. LOPEZ, JR., et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01289-DAD-SAB (PC)<br><br>**SECOND SCHEDULING ORDER**<br><br>**ORDER REQUIRING PARTIES TO NOTIFY WHETHER THEY CONSENT TO MAGISTRATE JUDGE JURISDICTION WITHIN THIRTY (30) DAYS**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO SEND LOCAL RULE 281 TO PLAINTIFF**<br><br><u>Telephonic Trial Confirmation Hearing</u>: March 9, 2020 at 1:30 p.m. in Courtroom 5 (DAD)<br><br><u>Jury Trial</u>: May 5, 2020 at 1:00 p.m. in Courtroom 5 (DAD) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

　　　　Plaintiff Michael Jacques is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On September 30, 2019, Defendants Athie's, Garza's, Lopez's, Razo's, and Vasquez's motion for summary judgment was denied. (ECF No. 44.) This case is now ready to be set for jury trial on Plaintiff's claims for excessive force against Defendants Athie, Garza, Lopez, and Razo, and for failure to intervene against Defendant Vasquez.

　　　　The parties are required to file pretrial statements in accordance with the schedule set forth herein. In addition to the matters already required to be addressed in the pretrial statement

1

in accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses. The procedures, requirements, and deadlines for making such a showing are outlined in detail below. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.[1]

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court. The Court will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file, <u>concurrent with the pretrial statement</u>, a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party

---

[1] Notwithstanding the requirements set forth herein, it is within the Court's discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the court determines the witnesses' presence will substantially further the resolution of the case. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

2

himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in plaintiff's cell and, at the time, plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before January 9, 2020. Oppositions, if any, must be filed on or before February 10, 2020.**

      2.      <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. *Id.* In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court</u>. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

**If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than February 10, 2020. In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, in compliance with step one, on or before December 20, 2019.**

The parties are advised that failure to file pretrial statements as required by this order may

result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

**Consent to, or Decline, Magistrate Judge Jurisdiction:**

This matter is currently set to be tried before a District Judge. The following is important information for the parties to consider regarding scheduling and trailing cases.

The District Court Judges of the Fresno Division of the Eastern District of California have one of the heaviest caseloads in the nation. As a result, each District Judge schedules multiple trials to begin on each available trial date. Civil cases will trail and begin as soon as a courtroom is cleared. The law requires that the Court give any criminal trial priority over civil trials or any other matter. A civil trial set to begin while a criminal trial is proceeding will trail the completion of the criminal trial.

The Court cannot give advance notice of which cases will trail or for how long because the Court does not know which cases actually will go to trial or precisely how long each will last. Once your trial date arrives, counsel, parties and witnesses must remain on 24-hour-stand-by until a court opens. Since continuance to a date certain will simply postpone, but not solve, the problem, continuances of any civil trial under these circumstances will no longer be entertained, absent a specific and stated finding of good cause. The Court will use its best efforts to mitigate the effect of the foregoing and to resolve all cases in a timely manner.

One alternative is for the parties to consent to a United States Magistrate Judge conducting all proceedings, including trial and entry of final judgment, pursuant to 28 U.S.C. § 28 U.S.C. 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. The Eastern District Magistrate Judges, all experienced former trial lawyers, use the same jury pool and same court facilities as United States District Court Judges. Since Magistrate Judges do not conduct felony trials, they have greater flexibility and schedule firm trial dates. Judgment entered by a United States Magistrate Judge is appealable directly to the United States Court of Appeal for the Ninth Circuit. While there are scheduling benefits to consenting to Magistrate Judge jurisdiction, substantive rulings and decisions will not be affected by whether a party chooses to consent or not.

As another response to its large caseload, the Fresno Division of the Eastern District of California is assigning cases, whenever possible, to Article III District Court Judges from around the nation as Visiting Judges. Pursuant to the Local Rules, Appendix A, such reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

Therefore, the Court shall direct the Clerk's office to provide the parties with consent/decline forms. Within **thirty (30) days** from the date of service of this order, the parties may inform the Court whether they consent to, or decline, Magistrate Judge jurisdiction by filling out the forms and returning them to the Court. However, the parties are advised that they are free to withhold consent without adverse substantive consequences.

Accordingly, the Court HEREBY ORDERS as follows:

1. This matter is set for a telephonic trial confirmation hearing before the United States District Judge Dale A. Drozd on **March 9, 2020, at 1:30 p.m.** in Courtroom 5;

2. The parties shall appear telephonically for the March 9, 2020 telephonic trial confirmation hearing by dialing into the conference at 877-402-9757 (using access code 6966236) at the time of the hearing. Defense counsel will notify the prison litigation coordinator who will dial into the conference for Plaintiff. Because the Court may be hearing other matters using the same conference line, please wait to state your appearance until your case has been called and appearances are requested. Keep all background noise to a minimum. Use of any feature(s) that may have an impact upon the quality of voice transmission (such as speakerphones, headsets, etc.) are prohibited. Use of a landline or hand-held cell phone is required;

3. This matter is set for jury trial before United States District Judge Dale A. Drozd on **May 5, 2020, at 1:00 p.m.** in Courtroom 5;

4. Plaintiff shall serve and file a pretrial statement as described in this order on or before **January 9, 2020**;

5. Defendant shall serve and file a pretrial statement as described in this order on or before **February 10, 2020**;
6. In addition to electronically filing its pretrial statement, Defendant shall e-mail the pretrial statement to: dadorders@caed.uscourts.gov;
7. If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **January 9, 2020**;
8. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **February 10, 2020**;
9. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **December 20, 2019;** and Plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **February 10, 2020**;
10. The Clerk's Office shall send Plaintiff a copy of Local Rule 281;
11. The Clerk's Office shall send the parties consent/decline forms;
12. Within **thirty (30) days** from the date of service of this order, the parties shall notify the Court whether they consent to, or decline, Magistrate Judge jurisdiction by filling out the enclosed forms and returning them to the Court. However, the parties are advised that they are free to withhold consent without adverse substantive consequences.

IT IS SO ORDERED.

Dated: **October 8, 2019**

UNITED STATES MAGISTRATE JUDGE